# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CRAIG HAYNES :

    Plaintiff : CIVIL ACTION NO. 3:18-1837

v. : (JUDGE MANNION)

DR. IHUOMA NWACHUKWI, et al. :

    Defendants :

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Susan E. Schwab ("Report"), which recommends that several claims be severed from this action and transferred to the United States District Court for the District of New Jersey. (Doc. 20). Specifically, Judge Schwab recommends that the claims against defendants Gary Lanigan, Steven Johnson, Dr. Ihuoma Nwachukwi, Umanuka Blessing, and University Correctional Health Care (collectively "New Jersey Defendants"), who are all domiciled in New Jersey, should be severed and transferred because this court may not exercise personal jurisdiction over them. (Doc. 20, at 19). On May 23, 2019, the *pro se* plaintiff John Craig Haynes ("Haynes") filed objections to Judge Schwab's Report. (Doc. 25).

Although Haynes did file objections, he does not object to the severance and transfer of all claims against the New Jersey Defendants to the United States District Court for the District of New Jersey. (Doc. 25, at 6) ("Plaintiff does not object to the portion of the Chief United States Magistrate Judge to recommend that all claims against Defendants Lanigan, Johnson, Nwachukwi, Blessing, and University Correctional be served and transferred to the United States District Court for the District of New Jersey."). Rather, Haynes' objections state that he should be afforded the opportunity to conduct pre-ruling jurisdiction discovery to establish that this court does have personal jurisdiction over the New Jersey Defendants. (Doc. 25).

The concepts of personal jurisdiction and venue are often confused by practicing attorneys, so it comes as no surprise that Haynes, a *pro se* litigant, also committed this error. Once the claims against the New Jersey Defendants are severed and transferred, the issue of whether this court—the United States District Court for the Middle District of Pennsylvania—has personal jurisdiction over the New Jersey Defendants is no longer relevant.

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see*

also *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

This court agrees with the sound reasoning that led Judge Schwab to her recommendation. Based on this court's review of the record and the parties lack of objection to the severance and transfer of all claims against the New Jersey Defendants, **IT IS HEREBY ORDERED THAT:**

  **(1)** Judge Schwab's Report (Doc. 20) is **ADOPTED IN ITS ENTIRETY**;

  **(2)** Haynes' objections (Doc. 25) are **DISMISSED AS MOOT**;

  **(3)** Under Federal Rule of Civil Procedure 21, all claims against the New Jersey Defendants are **SEVERED** from this case;

  **(4)** Under 28 U.S.C. §1631, all severed claims against the New Jersey Defendants are **TRANSFERRED** to the United States District Court for the District of New Jersey; and

**(5)** The Clerk of Court is directed to **TERMINATE** defendants Gary Lanigan, Steven Johnson, Dr. Ihuoma Nwachukwi, Umanuka Blessing, and University Correctional Health Care from this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 27, 2019**
18-1837-01